**Petitions for Writ of Mandamus Dismissed, Motion Dismissed as Moot, and Memorandum Opinion filed September 27, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00617-CR
## NO. 14-22-00618-CR

### IN RE ERSKIN K. HARRIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**182nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 745707 & 737811**

### MEMORANDUM OPINION

On August 26, 2022, relator Erskin K. Harris filed petitions for writs of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petitions, relator asks this Court to compel Marilyn Burgess, the District Clerk of Harris County, to file a motion for DNA testing with the trial court, present that motion to the trial court, and send relator a certified copy of the motion.

This court's mandamus jurisdiction is provided by section 22.221 of the Government Code. The statute authorizes each court of appeals to issue writs of

mandamus against "(1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge." Tex. Gov't Code Ann. § 22.221(b). In addition, each court of appeals may issue a writ of mandamus and all writs necessary to enforce the jurisdiction of the court. *Id.* § 22.221(a).

Section 22.221(b) does not authorize a court of appeals to issue writs of mandamus against a district clerk. In addition, relator has not demonstrated that issuing a writ of mandamus is necessary to enforce the jurisdiction of this court. Accordingly, we lack subject-matter jurisdiction to issue writs of mandamus against the Harris County District Clerk.

For the reasons discussed above, we dismiss for want of jurisdiction relator's petitions for writs of mandamus. Relator's motions to proceed without payment of costs are dismissed as moot as there are no filing fees in criminal cases.


PER CURIAM


Panel consists of Justices Jewell, Spain, and Wilson.
Do Not Publish – Tex. R. App. P. 47.2(b)